SOPHIA P. LOBDELL *vs.* WILLIAM A. HAYES & another.

A widow is not entitled to dower in land in the possession of her husband at the time of his death, under an executory contract for the purchase thereof, the terms of which were not complied with in his lifetime.

CONTRACT, brought in this court by the widow of Thomas J. Lobdell against the administrators of her husband's estate, to recover a portion of the price received by them upon the sale of certain real estate. The writ was dated June 14, 1861.

The case was reserved for the determination of the whole court, upon the following facts, which were agreed: Thomas J. Lobdell in his lifetime bargained with the city of Boston to purchase certain parcels of land, and received from the city two contracts, each dated September 16, 1846, covenanting that the city, upon payment of a stipulated sum, according to the terms

of a certain bond, " and upon the reasonable request of the said Lobdell, his heirs, executors, administrators or assigns, shall and will, by a good and sufficient deed, convey and transfer in fee simple to him or them, or to such person as he or they shall by any direction in writing made upon this instrument direct and order, the following parcel of real estate," &c., " it being understood that, if default shall be made in any one of the payments required to be made according to the tenor of the condition of said bond, for the space of sixty days after such payment shall have become due, the said city of Boston shall not be holden to make any conveyance as aforesaid." The bonds were payable in instalments of one tenth of the amount of each respectively, on the 16th of September in each year. Lobdell entered upon the lands, built houses thereon, and continued in possession thereof until his death on November 11th 1853, at which time the instalments falling due September 16, 1853, were due and unpaid ; and these, together with the last instalments, which were to become due September 16, 1854, were paid by his administrators to the city on the 6th of July 1854 ; and, on the 11th of the same month, the lands were conveyed by the city to James W. Rollins, who was appointed by the administrators, and received the conveyance as trustee for the benefit of Lob dell's estate.

On the 22d of May 1854, the administrators applied for and obtained leave from the probate court to sell all the real estate of Lobdell, for the payment of debts ; and in the petition and license the above lands were specified. Before the sale, the following papers were executed :

" Boston, June 24, 1854. The administrators of the estate of T. J. Lobdell, my late husband, are hereby authorized to sell all the real estate belonging to said estate at public auction : and I agree to relinquish my right of dower in said real estate, upon receiving from the purchasers the amount which my dower would be, according to the tables, excepting the block of houses on Pembroke Street occupied by Talbot, Ayers and Emerson ; and the house in the rear of said block, occupied by ———. Sophia P. Lobdell."

Lobdell *v.* Hayes & another.

" Boston, June 26, 1854.   N. A. Thompson, Esq., Auctioneer Dear Sir, — I hereby authorize you to sell and dispose at public auction, at the same time the sales hereinafter named are made, all my right, title, and interest in and to all the pieces of real estate which you have advertised to sell on Wednesday and Thursday next, June 28 and 29 instant, by order of the administrators of my late husband, Thomas J. Lobdell, in which I have a right of dower: and you will please give public notice, at such sale and otherwise, that I will release all my interest in said premises, being my right of dower therein ; I having agreed with the said administrators to take of the net proceeds of the sales, what, by the Wigglesworth tables, it appears my right of dower is, on such sales, worth in those estates in which I have a right of dower, calculating interest at the rate of five per cent. per annum.   Respectfully yours, Sophia P. Lobdell."

At the sale, on the 28th and 29th of June 1854, the auctioneer read a paper containing the terms of sale, among which was a statement that the widow would release her dower, and that the title should be good, or no sale.   The sale included the lands above referred to, and deeds were executed by Rollins, and the purchase money was received by the administrators at various times in June and July 1854, and in February 1855, and accounted for by them in the probate court.

At the time when the above papers were executed by the plaintiff, the defendants were advised and believed, and informed the plaintiff, that she had no title to dower in the lands referred to, and that the license and mode of sale, as to them, were unnecessary; and she thereupon executed the papers, and made no claim for her dower in the premises, and tendered no release thereof, until April 13, 1861.

Certain facts affecting the question of the operation of the statute of limitations are omitted, as that question was not considered by the court.

*G. Bancroft,* for the plaintiff.

*S. Bartlett & C. F. Choate,* for the defendants.

HOAR, J.   This is an action of assumpsit against the administrators of an insolvent estate.   It is brought by the widow of

the intestate, to recover a part of the proceeds of the sale of certain real estate sold by the administrators, on the ground that she had an equitable right of dower in the estate, and that the defendants had agreed to pay her the proportion of the proceeds which the value of her right of dower bore to its whole value.

If her claim can be supported, it must be upon the ground of strict right. It appears by the agreed statement of facts, that at the time of the sale, and when the contract with her was made, the defendants did not understand or believe that she had any interest in the estate, a share in the proceeds of which she now seeks to recover; that they so informed her; that the sale was made, and the proceeds applied to the settlement of the insolvent estate, without any expectation that any part belonged to her; that she did not join in the conveyance, and made no claim upon the defendants for a period of more than six years.

If we look at the written evidence of the contract, it does not in its terms include the lands in question. They were lands of which the intestate was in possession under a contract with the city of Boston. The city had agreed to convey them to him or his assigns upon payment of the purchase money in instalments at certain fixed times, but with the express condition that upon failure to make any payment for the space of sixty days his rights under the contract should be ended. At the time of his death one instalment was in arrear, and the sixty days grace were within four days of expiring. One instalment was not yet payable. The plaintiff agreed with the defendants that all the lands belonging to her husband's estate should be sold, and that she would release her right of dower upon receiving from the purchasers its estimated value, according to the Wigglesworth tables. She had no right of dower in lands of which her husband was never seised. By the literal import of the contract, therefore, as well as by the understanding of the parties to it, the demand which she now makes was not embraced in its provisions.

The case of *Reed* v *Whitney,* 7 Gray, 533, which is chiefly

relied on by the plaintiff's counsel, differs materially from the case at bar.   In that case, the intestate had paid the purchase money, and had become fully entitled to a conveyance of the land in his lifetime ; and it was held that, under the provisions of Rev. Sts. c. 74, §§ 8 – 14, the widow was entitled to be a party to a suit in equity, to procure a conveyance of the land which should have the same effect in establishing her right of dower as if it had been made to her husband before his death.   The decision was based upon the language of the stat- ute, and upon the principle that equity will regard as done that which for a valid consideration the parties have agreed to do.

But in the present case, if we were to interpret the contract at law as including all equitable as well as legal interests, the plaintiff had no right under the statute to have any conveyance made for her benefit, at the time she made the contract with the defendants.   The city of Boston could not have been compelled to convey the land to any person, because by the express terms of their contract their obligation to do so had been discharged. If they consented to waive their strict rights, and to convey to the appointee of the administrators, this was *ex gratia* merely, and created no new interest in the plaintiff.   The death of her husband did not prevent the forfeiture, which nothing but the payment of the money within sixty days from the time it was due could avert.   On the expiration of the sixty days the right was extinguished.

But farther, we think the doctrine of *Reed* v. *Whitney* has no application to a mere executory contract for the purchase of land, not executed at the death of the contracting party, and to the completion of which the widow was not bound.   Such a case is not within the language or intent of the statute.

It is also worthy of consideration that, by the terms of the contract, the land was to be conveyed to Mr. Lobdell or his as- signs.   If he had completed the contract, he might have exer- cised the election so as to deprive his wife of any right of dower. The time for making the election had not arrived when he died ; and if the duty and the right to complete the contract and make

the further payments devolved upon his personal representatives, the election to whom the conveyance should be made would likewise vest in them. *Judgment for the defendants.*